IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TL CROWTHER, LLC, <br><br> Plaintiff, <br><br><br><br><br> vs. <br><br><br><br> ROCKY MOUNTAIN PIPELINE SYSTEMS, LLC, and PRAIRIE PIPELINE CONTRACTORS, INC., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S DUPLICATIVE DAMAGES FOR THE VALUE OF LOST TREES <br><br><br><br><br><br> Case No. 1:08-CV-141 TS |

Before the Court is Defendants Rocky Mountain Pipeline System, LLC and Prairie

Pipeline Contractors, Inc.'s (collectively, "Defendants") Motion in Limine to Preclude Plaintiff's

Duplicative Damages for the Value of Lost Trees.[1]

Plaintiff plans to call Keith Clapier to testify at trial as an expert arborist. Based on his

report, Mr. Clapier will testify as to the value of the trees allegedly removed by Defendants under

two alternate formulas: the "Replacement Method" and the "Trunk Formula Method." Plaintiff

will also introduce testimony and evidence as to a "Conceptual Reclamation Plan," which will

[1]Docket No. 83.

present Plaintiff's view of the restoration costs associated with returning Plaintiff's property to its pre-trespass condition.

Defendants argue that the Trunk Formula evaluation should be excluded as duplicative of the Conceptual Reclamation Plan. Defendants argue that such duplicative damage theories are contrary to Utah law and should therefore be excluded at trial.

In opposition, Plaintiff argues that Defendants argument is inconsistent with the purpose of an in limine motion. Plaintiff asserts that Defendants' Motion does not concern what evidence should be introduced to the jury, but concerns how the jury should be instructed in calculating TL Crowther's damages. Moreover, Plaintiff argues that they are entitled to present an alternate damage model to the jury.

The Court agrees with Plaintiff. Defendants' concerns of duplicative damages are not about the admissibility of Mr. Clapier's testimony, but rather how the Court should instruct the jury on the issue of damages. The Court finds that Defendants' concerns can appropriately be resolved through cross-examination, closing argument, and appropriate jury instructions.

It is therefore,

ORDERED that Defendants' Motion in Limine to Preclude Plaintiff's Duplicative Damages for the Value of Lost Trees (Docket No. 83) is DENIED.

DATED   March 18, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge