IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TL CROWTHER, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ROCKY MOUNTAIN PIPELINE SYSTEMS, LLC, and PRAIRIE PIPELINE CONTRACTORS, INC.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' RULE 50 MOTION<br><br><br>Case No. 1:08-CV-141 TS |

In open court and outside the presence of the Jury, Defendants Rocky Mountain Pipeline Systems, LLC and Prairie Pipeline Contractors, Inc.'s (collectively, "Defendants") moved this Court for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a). Upon hearing oral argument on the Motion, the Court took the matter under advisement and now issues the following ruling.

I.  DISCUSSION

Fed. R. Civ. P. 50(a) provides,

(1) If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and

1

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court does "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3] A judgment as a matter of law is appropriate "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

Defendants move this Court for an entry of judgment as a matter of law in their favor on Plaintiff's claim for punitive damages. Specifically, Defendants argue that Plaintiff has failed to bring forth any evidence to show that Defendants acted with the requisite intent to justify such an award.

To prevail on Plaintiff's punitive damages claim, Plaintiff must demonstrate by clear and convincing evidence that the acts or omissions of Defendants "are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id*.

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

indifference toward, and a disregard of, the rights of others."[5] This standard is met where the defendant knows or should know "that [his] conduct would, in a high degree of probability, result in substantial harm to another, and the conduct must be highly unreasonable conduct, or an extreme departure from ordinary care, in a situation where a high degree of danger is apparent."[6] "Simple negligence will never suffice as a basis upon which [punitive] damages may be awarded."[7]

The punitive damages "standard is 'fact specific,' such that the determination as to whether punitive damages are awarded is 'within the sound discretion and province of the jury.'"[8] However, where "reasonable minds could not differ in concluding" that the evidence does not meet this standard, "the court should eliminate the issue of punitive damages as a matter of law."[9] In making this determination, the court "must always have in mind the purpose of such damages:"[10] "punishing and deterring outrageous and malicious conduct which is not likely to be deterred by other means."[11]

---

[5] Utah Code Ann. § 78B-8-201.

[6] *Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1187 (Utah 1983) (internal quotations and citation omitted); *see also Boyette v. L.W. Looney & Son, Inc.*, 932 F. Supp. 1344, 1347 (D. Utah 1996) (applying factors listed in *Behrens*); *Gleave v. Denver & Rio Grande W. R.R. Co.*, 749 P.2d 660, 670-71 (Utah Ct. App. 1988) (same).

[7] *Behrens*, 675 P.2d at 1186.

[8] *Mark VII Fin. Corp. v. Smedley*, 792 P.2d 130, 134 (Utah Ct. App. 1990) (quoting *Johnson v. Rogers*, 763 P.2d 771 (Utah 1988) and *Biswell v. Duncan*, 742 P.2d 80, 86 (Utah Ct. App. 1987)).

[9] *Biswell*, 742 P.2d at 87.

[10] *Miskin v. Carter*, 761 P.2d 1378, 1380 (Utah 1988).

[11] *Id.* (quoting *Behrens*, 675 P.2d at 1186).

3

It is important to note that in ruling on Defendants' Rule 50 Motion, "the inquiry involved in a ruling on a motion for . . . a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[12] Thus, the relevant inquiry for the Court is whether there is sufficient evidence upon which a jury can properly conclude by clear and convincing evidence that Plaintiff is entitled to punitive damages.[13]

Plaintiff does not directly dispute that there has been no evidence of intentional or fraudulent conduct by Defendants that justify an award of punitive damages. Instead, Plaintiff argues that there is sufficient evidence upon which a reasonable jury could infer that Defendants acted with a knowing, reckless disregard for Plaintiff's rights. Plaintiff notes for the Court that Ms. Moudy testified that she and her colleagues were aware that the concerned property was owned by TL Crowther. Further, the neighboring property owner, Mr. Ercenbrack, testified that he informed Defendants' agent that he did not own the concerned property and that they needed to contact the Crowthers to gain access to that portion of the road. The Crowthers also testified that they were contacted by Defendants' agent and that the parties briefly discussed accessing the property for Defendants' construction activities, but never finalized any access agreement.

Plaintiff notes for the Court that, although no agreement was ever reached between the parties, the evidence at trial has shown that Defendants nonetheless persisted in using the concerned property to access its construction site. Plaintiff argues that upon this sequence of events, a reasonable jury could conclude that Defendants acted with sufficient knowing recklessness to justify an award of punitive damages.

---

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[13] *See id.*

Defendants reply that Plaintiff's sequence of events shows nothing more than an omission by Defendants. From Defendants' perspective, this case concerns a simple oversight by some of its agents and this oversight does not give rise to a claim for punitive damages.

The Court agrees with Defendants that there has been little or no evidence upon which a reasonable jury could conclude that Defendants intentionally or fraudulently damaged Plaintiff's property. However, the Court finds that Plaintiff has submitted sufficient evidence upon which a reasonable jury could conclude that Defendants acted with a knowing disregard of Plaintiff's rights. To find in favor of Defendants on this ground would necessarily require this Court to reject Plaintiff's inference based on the evidence in favor of Defendants' competing inference, which would violate this Court's charge to draw all reasonable inferences in favor of Plaintiff on deciding a Rule 50 motion. The weighing of such inferences is the sole province of the jury and it would be inappropriate for this Court to do so on a Rule 50 motion. The issue of punitive damages will therefore be submitted to the jury.

## II. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Judgment as a Matter of Law Pursuant to Fed.R.Civ.P. 50(a) is DENIED.

DATED   March 23, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge