IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TL CROWTHER, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ROCKY MOUNTAIN PIPELINE SYSTEMS, LLC, and PRAIRIE PIPELINE CONTRACTORS, INC.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT, OR ALTERNATIVELY, FOR A NEW TRIAL<br><br><br><br>Case No. 1:08-CV-141 TS |

## I. INTRODUCTION

The Court has before it Defendants Prairie Pipeline Contractors, Inc. and Rocky Mountain Pipeline Systems, LLC's (collectively, "Defendants") Motion to Alter or Amend Judgment, or Alternatively, for a New Trial.[1]

Defendants' Motion seeks an amended judgment or a new trial under Fed.R.Civ.P. 59 to rectify alleged errors at law. As is well established in this Circuit, such a motion "should be

---

[1]Docket No. 110.

1

granted only to correct manifest errors of law or to present newly discovered evidence."[2]

Defendants argue they are entitled to such relief on four grounds: (1) the Court erred in failing to properly instruct the jury that restoration costs exceeding diminution in value could only be considered as a measure of damages if restoration was likely to occur; (2) there is no evidence supporting general damages, and without such, there is no basis for an award of punitive damages; (3) the judgment contains duplicative punitive damages, which are inappropriate under Utah law; and (4) prejudgment interest should not be allowed.

For the reasons set forth below, the Court finds that the judgment contains duplicative punitive damages and will strike the jury's award of $90,000 in punitive damages. Additionally, the Court concludes that the entry of prejudgment interest is unwarranted in this action. As to all other grounds, the Court will deny the Motion.

## II. DISCUSSION

A.   LIKELIHOOD OF REPAIR

Defendants contend they are entitled to an amended judgment or a new trial because the Court did not properly instruct the jury that restoration costs which exceed the diminution in value are not allowable unless it is determined that the undertaking of restorative measures is likely. In support of this argument, Defendants cite to *Ault v. Dubois*, where the Utah Supreme Court stated:

---

[2] *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks and citations omitted); *see also Tuttle v. ANR Freight Sys.*, 1992 WL 95412, at *3 (10th Cir. 1992) ("Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.") (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

> Generally, the measure of damages for permanent injury to land is the difference in the market value of the land immediately before and immediately after the injury, but if the land may be restored to its original condition, the cost of restoration may be used as the measure of damages if it does not exceed the diminution in the market value of the land.[3]

The *Ault* court then stated in a footnote that "[d]iminution in value should probably not be viewed as an inflexible ceiling on recoverable damages."[4] In support of this statement, the *Ault* court cited generally to a decision by the Alaska Supreme Court, which held that restoration damages are appropriate, even if it exceeds diminution in value, where the property has special significance to the owner and repair seems likely.[5] In light of this precedent, Defendants argue that restoration damages which exceed diminution in value are appropriate *only* when the property has significance to the owner and repair seems likely.

Defendants' argument reads too much into the Utah Supreme Court's general citation to the Alaska decision. As designated by the introductory signal "*See, e.g.*," which preceded the *Ault* court's citation to the Alaska decision, the Utah Supreme Court felt that the Alaska decision was an example of such an instance, but not the exclusive or definitive example. Moreover, to accept Defendants' argument would make the *Ault* court's later affirmation that "there is no inflexible rule as to the appropriate measure of damages to trees" internally inconsistent.[6]

---

[3] 739 P.2d 1117, 1120 (Utah 1987).

[4] *Id.* at 1120 n.3.

[5] *Advanced, Inc. v. Wilks*, 711 P.2d 524, 527 (Alaska 1985).

[6] *Ault*, 739 P.2d at 1121.

As this Court has previously held, "'[w]hen property has been damaged or destroyed by a wrongful act, the desired objective is to ascertain as accurately as possible the amount of money that will fairly and adequately compensate the owner for his loss.'"[7] As such, the proper measure of damages to employ "is the one which will give the injured party reasonable and adequate compensation for his actual loss as related to his use of the property."[8] "In a determination of the appropriate measure of damages in this area, the cardinal principles are flexibility of approach and full compensation to the owner, within the overall limitation of reasonableness."[9]

In their reply memorandum, Defendants attribute to the Court the thought that "because the case law was so confused as to be 'standard-less,' the rule it would apply was one of general reasonableness."[10] The Court finds this to be inaccurate. At trial, in rejecting Defendants' same argument based on *Ault*, the Court held that:

> in sum, it seems to this Court that the standard of damages for cases such as this in the State of Utah is basically standard-less other than general reasonableness. There are certain fact situations represented in certain cases, such as the *Ault* case, where specific language has been carved out but, as a general rule, the Supreme Court always returns to a general standard of reasonableness in the damage calculation, and that's what the Court has tried to accomplish with the instructions as they are presently written.[11]

Thus, far from settling on a general reasonableness standard because of confused case law, the Court found that the general law in Utah is a flexible approach bound in reasonableness,

---

[7] Docket No. 56, at 5 (quoting *Brereton v. Dixon*, 433 P.2d 3, 5 (Utah 1967)).

[8] *Pehrson v. Saderup*, 498 P.2d 648, 650 (Utah 1972).

[9] *Id.*

[10] Docket No. 117, at 4.

[11] Docket No. 120, at 11:12-25.

4

and it instructed the jury accordingly. Nothing argued by Defendants has demonstrated that this holding was a manifest error.

As the Court finds no manifest error in its instruction to the jury, the Court will deny this ground for relief.

B. UNSUPPORTED PUNITIVE DAMAGES

Under Utah law, "punitive damages may be awarded only if compensatory or general damages are awarded."[12] Defendants contend that the punitive damages should be stricken because there was no evidence to support general damages. When a party challenges a factual finding of the jury under Rule 59, the jury verdict must stand unless the Court finds it is "clearly, decidedly, or overwhelmingly against the weight of the evidence."[13] The Court finds no such error in the jury's award of general damages and, therefore, the entry of punitive damages was supported.

C. DUPLICATIVE DAMAGES

Defendants contend that the jury's entry of punitive damages and the assessment of a statutory penalty under Utah Code Ann. § 78B-6-1002 constituted an award of impermissible duplicative punitive damages.

In its opposition, Plaintiff first argues that Defendants waived this argument by failing to object to the verdict form at trial. Plaintiff contends that the potential for any alleged duplicative award was readily apparent from the structure of the Special Verdict Form submitted to the

---

[12] Utah Code Ann. § 78B-8-201(1)(a).

[13] *Black v. Hieb's Enters.*, 805 F.2d 360, 363 (10th Cir. 1986).

5

jury.[14] In their reply, Defendants respond that, until the jury actually entered the double punitive damage award, no objection was required.

From the Court's review of the case law, the Court finds that the Tenth Circuit has already previously addressed this argument. In *Mason v. Oklahoma Turnpike Authority*,[15] Plaintiff argued that Defendants waived the right to challenge an alleged duplicative damage award by failing to object to the potential of a duplicative damage award until their post-trial motions.[16] There, the Tenth Circuit found that:

> [w]hile [Defendant's] failure to raise the issue of potential duplication prior to the jury's retirement would likely have prevented him from raising the issue on appeal, *see* Fed.R.Civ.P. 51, we do not believe that it prevented the district court, under these circumstances, from exercising its duty to prevent double recovery in the first instance.[17]

Thus, it remains this Court's duty to review the merits of Defendants' contention. That being said, the Tenth Circuit has warned that "a district court must exercise caution in determining whether two or more punitive damage awards are duplicative, particularly where [Defendant] was not especially vigilant in protecting against such error."[18] With this instruction in mind, the Court turns to the merits of Defendants' contentions.

Utah law prohibits "as duplicative the assessment of a statutory penalty of double damages and of general punitive damages when 'both punitive damage awards [were] based on

---

[14]*See* Docket No. 107, at 2-3.

[15]115 F.3d 1142 (10th Cir. 1997).

[16]*Id.* at 1459.

[17]*Id.* at 1459-60.

[18]*Id.* at 1460.

the same set of facts.'"[19]  In *Steenblik v. Lichfield*,[20] the Utah Supreme Court applied this principle to reject a statutory penalty of treble damages coupled with an award of punitive damages as impermissibly duplicative.  There, the court noted that "[h]owever wrongful his actions, [defendant] followed only one course of conduct.  That this conduct persisted over time does not create two set of facts for which he should be punished twice."[21]

Plaintiff contends that this line of cases is inapplicable to the present action because Defendants were guilty of multiple acts, under which Defendants' damage to trees forms the basis for one punitive award, and Defendants' trespass on the property forms the basis for another punitive award.  Plaintiff's argument, however, appears to have been expressly rejected by the Utah Supreme Court: "Defendants' liability in this case is based entirely on a single transaction, and while that transaction as a whole merits punitive damages, *under Utah law each legal category under which defendants' actions can be described does not generally form an independent basis for punitive damages.*"[22]  Thus, although Defendants' conduct can be divided into discrete legal harms, under Utah law, these cannot independently form the basis for punitive damages.

Plaintiff points out that the Tenth Circuit has adopted a different approach than that endorsed by the Utah Supreme Court.  In *Mason*, the Tenth Circuit held that:

---

[19]*Diversified Holdings, L.C. v. Turner*, 63 P.3d 686, 699 (Utah 2002) (quoting *Altas Indus. Ltd. v. Hurst*, 846 P.2d 1282, 1292 (Utah 1993)).

[20]906 P.2d 872 (Utah 1995).

[21]*Id.* at 881.

[22]*Diversified Holdings, L.C.*, 63 P.3d at 699 (emphasis added).

7

> Punitive damages are not designed to compensate the victim, but to punish and deter conduct of the offending party. In some cases, multiple damage awards on overlapping theories of recovery may not be duplicative at all, but may instead represent the jury's proper effort to punish and deter *all* the improper conduct underlying the verdict.[23]

Plaintiff thus contends that the Court should defer to the jury's award and uphold the jury's alleged effort to deter all improper conduct.

As the Court is sitting in diversity, Utah law governs this dispute.[24] Thus, the Court must apply Utah law. As the discussion above makes clear, Utah law departs from the Tenth Circuit's approach and instead requires the Court to take a more proactive approach in eschewing duplicative jury awards. Indeed, the Utah Supreme Court has expressly acknowledged, and declined to follow, the Tenth Circuit's approach in *Mason*.[25]

Based on the Utah case law, the Court finds that the jury impermissibly awarded duplicative punitive damages. The general damages in this case all arise from Defendants' trespass onto Plaintiff's property. The fact that Defendants' trespass caused discrete damage to real property and damage to trees does not alter this conclusion. All general damages arise from a single transaction: Defendants' trespass. Therefore, one of the awards must be vacated.

"As to which award should be vacated, the prevailing party must be allowed to choose between the duplicative awards. Generally, it can be assumed that the prevailing party will elect

---

[23]*Mason*, 115 F.3d at 1460.

[24]*See Clark v. State Farm Mut. Auto Ins. Co.*, 433 F.3d 703, 709 (10th Cir. 2005).

[25]*See Diversified Holdings, L.C.*, 63 P.3d at 699 n.18 (noting that "[f]our federal circuit courts have reached a different conclusion," but declining to adjust the court's precedents).

the greater punitive award."[26] In the present action, the jury awarded $90,000 in punitive damages and $96,470.00[27] in statutory penalty based on Utah Code Ann. § 78B-6-1002. The Court will assume that Plaintiff would choose the greater of the two, and will strike the $90,000 punitive damage award.

Should Plaintiff object and instead desire to strike the $96,470.00 statutory penalty, Plaintiff is to file its objection with the Court within 14 days of the date of this Order.

D.      PREJUDGMENT INTEREST

The parties dispute whether Plaintiff is entitled to prejudgment interest. The Utah Supreme Court has announced the following guidelines for determining when prejudgment interest is appropriate:

> Where the damage is complete and the amount of loss fixed as of a particular time, and that loss can be measured by facts and figures, interest should be allowed from that time and not from the date of the judgment. On the other hand, where damages are incomplete or cannot be calculated with mathematical accuracy, such as in cases of personal injury, wrongful death, defamation of character, false imprisonment, etc., the amount of the damage must be ascertained and assessed by the trier of the fact at the trial, and in such cases prejudgment interest is not allowed.[28]

---

[26] *Steenblik*, 906 P.2d at 881.

[27] The jury awarded $48,235.00 in damages for the destruction and removal of trees, which was trebled to $151,175.00. As such, the initial $48,235.00 constitutes general damages, while the $96,470.00 was a statutory penalty.

[28] *Bjork v. April Indus., Inc.*, 560 P.2d 315, 317 (Utah 1977), *cert. denied* 431 U.S. 930 (1977).

Utah courts have clarified that damages are not per se calculable with mathematical accuracy simply because damages are based upon expert testimony and specific facts.[29] Rather, for damages to be calculable with mathematical accuracy, they must be ascertained

> in accordance with fixed rules of evidence and known standards of value, which the court or jury must follow in fixing the amount, rather than be guided by their best judgment in assessing the amount to be allowed for past as well as for future injury, or for elements that cannot be measured by any fixed standards of value.[30]

Turning to the case at hand, the Court finds the present action to be one where the jury was to be guided by their best judgment, rather than being bound by any fixed standard of value. In determining the appropriate amount of damages, the jury was charged to award Plaintiff the amount the jury felt would reasonably and adequately compensate Plaintiff for the loss.[31] Indeed, as discussed earlier, the Court instructed the jury that "[t]here is no inflexible rule for the appropriate measure of damages" in the present action.[32] Because the jury was to be guided by their best judgment in determining the damages due to Plaintiff, making the issue of damages a matter wholly within the special province of the jury, the Court finds that damages could not be calculated with mathematical accuracy prior to trial and prejudgment interest will not be allowed.

---

[29]*Price-Orem Invest. Co. v. Rollins, Brown and Gunnell, Inc.*, 784 P.2d 475 (Utah Ct. App. 1989).

[30]*Fell v. Union Pac. Ry. Co.*, 88 P. 1003, 1007 (Utah 1907).

[31]Docket No. 105, Jury Inst. No. 30.

[32]*Id.*

## III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Alter or Amend Judgment, or Alternatively, For a New Trial (Docket No. 110) is GRANTED IN PART AND DENIED IN PART. The jury's entry of $90,000 of punitive damages is hereby stricken as impermissibly duplicative. In addition, the Court finds the entry of prejudgment interest on the verdict unwarranted under Utah law. As to all other grounds, the Motion is denied.

DATED   May 31, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge